UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

OAK KNOLL HEALTH CARE CENTER,  )
                      Plaintiff,            )        C.A. No. 1:08-cv-12051-NG
                                       )
              v.                  )
                                       )
KATHLEEN SEBELIUS, Secretary     )
of the U.S. Department of Health    )
and Human Services,[1]             )
                  Defendant.      )
                                     )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. Pro.") 56 and Local Rule 56.1, defendant Kathleen Sebelius, the Secretary of Health and Human Services (the "Defendant" or the "Secretary"), submits this response to plaintiff Oak Knoll Health Care Center's ("Plaintiff's" or "Oak Knoll's") Statement of Material Facts (hereinafter, the "Statement").

(1)     Defendant does not dispute this paragraph of the Statement.

(2)     Defendant disputes the statement that Colonial House Nursing Home ("Colonial") and Heritage Long Term Care Center ("Heritage") were merged and rebuilt as Oak Knoll.  There is no documentary evidence of a merger between Colonial and Heritage in the record.  On the contrary, the record indicates that, after the Colonial and Heritage facilities were closed, the corporations that owned the two facilities (the FRM I Corporation and FRM II Corporation, respectively) remained in operation for the time necessary to satisfy their remaining business obligations and were then separately dissolved.  (Administrative Record ("A.R.") 173, 2889-

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Kathleen Sebelius, Secretary of the Department of Health and Human Services, is automatically substituted for her predecessor, Michael O. Leavitt.

2890, 3122.)

(3-4)   Defendant does not dispute these paragraphs of the Statement.

(5)   Defendant disputes the statement that Heritage terminated its Medicare participation on October 31, 1995.  The actual date of termination was October 13, 1995.  (A.R. 1283, 2890.)  Defendant further notes that Heritage's Medicare provider number was 22-5468, not 22A287.  (A.R. 1018, 1283, 2889.)

Defendant also disputes the statements that Heritage "rejoined the Medicare program as Oak Knoll" and that Heritage "was assigned Provider Number 22-5682."  The record indicates that the corporation that owned Heritage (the FRM II Corporation) was dissolved (A.R. 173, 2889-2890, 3122), and that a new corporation (i.e., the Arbetter Corporation) was created to own and operate Oak Knoll.  (A.R. 172, 2890.)  The new corporation, d/b/a Oak Knoll, entered into a new Medicare provider agreement with the Secretary, effective November 20, 1995, and was assigned a new provider number, i.e., 22-5682.  (A.R. 157, 1047, 1049, 1286, 2890.)

(6)   Defendant disputes the statement that Oak Knoll operated or provided services during the cost-reporting year ending December 31, 1995.  Rather, Oak Knoll's first Medicare cost report covered the period from November 6 to December 31, 1995.  (A.R. 149, 647-648, 654.)

(7)   As noted in response to statement 2 above, Defendant disputes the statement that Colonial and Heritage were merged into Oak Knoll.

(8-9)   Defendant does not dispute these paragraphs of the Statement.

(10)   Defendant disputes the statement that Oak Knoll is the same institution that formerly operated as Heritage.  There were major differences between the two skilled nursing

facilities ("SNFs") relating to such matters as the physical plant, staffing levels, number of beds, and patient acuity.  (A.R. 647, 3122.)  Moreover, Heritage and Oak Knoll were owned by separate and distinct corporations, were separately licensed by the State, and operated under separate Medicare provider agreements.  (A.R. 157, 172, 1047, 1049, 1286, 2889-2890.)

(11)    As noted in response to statement 6 above, Oak Knoll did not operate or provide services during the fiscal year ending December 31, 1995.  Also, Plaintiff's characterization of CMS's denial of its request for a new provider exemption is inaccurate.  CMS did not deny the exemption request on the basis that Oak Knoll "was the same [SNF] as Heritage."  (A.R. 5-10.)

(12)    The cited CMS decision, while accurately quoted in part by Plaintiff, is not the final decision of the Secretary and, therefore, is not the decision under review in this matter.

(13-15)  Defendant does not dispute these paragraphs of the Statement.

(16)    Defendant disputes Oak Knoll's contention that the denial of its request for transition period payment had the effect of reducing its Medicare reimbursement.  The amount of additional Medicare reimbursement, if any, that Oak Knoll would receive if it prevails in this case is not an issue that is presently before the Court.  Rather, the issue would need to be resolved by the Secretary on remand in the event the Court determines that Oak Knoll is entitled to transition period payment.

(17)    As noted in response to statement 6 above, Oak Knoll did not operate or provide services during the fiscal year ending December 31, 1995.

(18)    Defendant does not dispute this paragraph of the Statement.

(19)    The contents of the Board's decision are not disputed, but the Board's legal conclusions on the transition period payment issue are erroneous.

(20-21)  Defendant does not dispute these paragraphs of the Statement.

Respectfully Submitted,

KATHLEEN SEBELIUS, Secretary of the
Department of Health and Human Services

By her attorneys:

CARMEN M. ORTIZ
United States Attorney

By:     */s/ Sonya A. Rao*
Sonya A. Rao
Assistant U.S. Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Dated: October 15, 2010                    (617) 748-3261

Of Counsel:
MARK B. CHILDRESS       NANCY S. NEMON
Acting General Counsel   Chief Counsel, Region

CLIFFORD M. PIERCE
Assistant Regional Counsel
Department of Health and Human Services
J.F.K. Bldg., Rm. 2250
Boston, MA  02203
(617) 565-2379

## CERTIFICATE OF SERVICE

I, Sonya A. Rao, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 15, 2010.

*/s/ Sonya A. Rao*
Sonya A. Rao
Assistant U.S. Attorney